IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BILL CLINTON YOUNG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 15-9461-CM ) |
| YARCO COMPANY, INC., et al., | ) ) |
| Defendants. | ) ) |

# **REPORT AND RECOMMENDATION**

Plaintiff Bill Clinton Young brings this civil action against the property management company and at least five residents[1] of his senior living center, Cathedral Square Towers (CST), in Kansas City, Missouri. Plaintiff was granted leave to proceed with this case without prepayment of fees pursuant to 28 U.S.C. § 1915 (ECF doc. 5). When a party is proceeding in forma pauperis, § 1915 requires the court to screen the party's complaint. In screening plaintiff's complaint, the undersigned finds that personal jurisdiction and venue are improper in this district, and recommends that the case be transferred to the Western District of Missouri.

In *Trujillo v. Williams*, the Tenth Circuit recognized that although § 1915 "contains no express authorization for a dismissal for lack of personal jurisdiction or venue, . . . the district court

---

[1] It is unclear whether a sixth individual, Clifton R. Cohn, is a resident. Although plaintiff lists "R.A." after Mr. Cohn's name, plaintiff makes no factual allegations concerning Mr. Cohn.

may consider personal jurisdiction and venue *sua sponte* . . . when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[2] "A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice."[3]

Venue

"Venue is defined as the proper place for a lawsuit to proceed, usually because the place has some connection either with the events that gave rise to the lawsuit or with the plaintiff or defendant."[4] The venue statute, 28 U.S.C. § 1391(b), provides that "a civil action may be brought in —

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or]
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."

CST is located in Kansas City, Missouri, and it appears from the face of plaintiff's complaint that all of the events giving rise to his claims occurred at CST. Specifically, plaintiff alleges that, because of his race, certain named residents interfered with his attempts to run the CST Residents Association by doing such things as interrupting meetings, removing signs from CST bulletin boards, and yelling at him. He states that the CST property management company

---

[2] 465 F.3d 1210, 1216–17 (10th Cir. 2006) (internal citation and quotation omitted).

[3] *Id.* at 1222.

[4] *Lietzke v. City of Montgomery, Ala.*, No. 14-2173, 2014 WL 1775744, *2 (D. Kan. May 5, 2014) (internal quotation and citation omitted).

orchestrated a conspiracy to embezzle funds from the CST Residents Association. Finally, he alleges that resident Michael Eckert called the Kansas City Election Board of Commissioners, "assassinate[d] plaintiff's character," and got plaintiff fired from his job as an election judge.

It also appears that all of defendants reside in Missouri. The civil cover sheet accompanying plaintiff's complaint (ECF doc. 2) states that Yarco Company, Inc., CST's property management company, resides in Jackson County, Missouri. Although plaintiff has not specifically stated the residence of the individual defendants, he has stated that they are tenants of CST. As such, they are residents of Kansas City, Missouri.

The federal judicial district encompassing Kansas City, Missouri and Jackson County, Missouri, is the Western District of Missouri. Thus, under § 1391(b), venue is proper in the Western District of Missouri.

Personal Jurisdiction

"The court must have personal jurisdiction—power over the defendants' personal rights—in order to make decisions that bind the parties."[5] Personal jurisdiction over a defendant will only be found if due process concerns are satisfied.[6] "Due process requires that a non-resident defendant have 'minimum contacts' with the forum state [here, Kansas]."[7]

> To meet this 'minimum contacts' standard, the court may exercise either specific or general jurisdiction. Specific jurisdiction is appropriate if the defendant has

---

[5] *Id.* at *1.

[6] *Id.*

[7] *Id.*

purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. The application of general jurisdiction is appropriate if the defendant has continuous and systematic contact with the forum state, even if those contacts are unrelated to the plaintiff's claims. If the court determines that the defendant has sufficient minimum contacts in the forum state, the court must then consider whether exercising personal jurisdiction would offend traditional notions of fair play and substantial justice.[8]

Plaintiff's complaint does not set forth any facts that would support the court's exercise of personal jurisdiction over defendants. As the court noted above, all defendants appear to be residents of Missouri. Plaintiff himself is a resident of Missouri. The incidents giving rise to the complaint occurred in Missouri, and plaintiff does not allege any facts which reflect defendants' contacts with Kansas.

Recommendation

The undersigned recommends that this case be transferred to the Western District of Missouri under the transfer provisions of 28 U.S.C. §§ 1406(a) (venue) and 1631 (jurisdiction). The undersigned notes that although plaintiff recently filed a case, which was dismissed, in the Western District of Missouri naming three of the same defendants, that case appears to have arisen out of different facts and asserted different claims.[9] Thus, the undersigned finds it in the interest of justice to permit plaintiff an opportunity to pursue his current claims in the proper district.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file

---

[8] *Id.* (internal citations and quotations omitted).

[9] *See Young v. Yarco, Inc.*, Western District of Missouri No. 15-00201.

written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

A copy of this report and recommendation shall be sent to plaintiff by regular and certified mail.

IT IS SO ORDERED.

Dated November 5, 2015, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge